**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| JUDY HARTWELL, Individually and as Personal Representative of the Estate of BENJAMIN HARTWELL, DECEASED, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) Case No: 1:23-cv-02096-TWP-MG |
| vs. | )<br>) |
| BAXTER INTERNATIONAL, INC., HILL-ROM COMPANY, INC., and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Judy Hartwell, Individually and as Personal Representative of the Estate of Benjamin Hartwell, Deceased, by counsel, and for her First Amended Complaint for Damages against the Defendants, Baxter International, Inc., Hill-Rom Company, Inc., and The Lincoln National Life Insurance Company, alleges and asserts:

1. All times relevant herein, the Plaintiff, Judy Hartwell, ("Plaintiff") was a resident of the City of Greensburg, County of Decatur, State of Indiana.

2. At all times mentioned herein, Benjamin Hartwell, Deceased ("Decedent"), was a resident of the City of Greensburg, County of Decatur, State of Indiana.

3. At all times mentioned herein, The Lincoln National Life Insurance Company ("Lincoln") was an insurance company, licensed to do, and conducting business in the State of Indiana.

4. At all times mentioned herein, Baxter International, Inc., ("Baxter") was a company, registered and doing business in the State of Indiana.

5. At all times mentioned herein, Hill-Rom Company, Inc. ("Hill-Rom"), was a company, registered and doing business in the State of Indiana.

6. At all times mentioned herein, Decedent was an employee of Baxter and/or Hill-Rom.

7. At all times relevant herein, there was in place a life insurance policy between Decedent and Lincoln.

8. On April 27, 2022, Decedent passed away.

## Count I
## Request for relief pursuant to ERISA § 502(a)(1)(B)

9. The Plaintiff incorporates paragraphs one (1) through eight (8), into Count I of this Complaint, as if fully stated herein.

10. At the time of his death, detailed herein, Decedent was insured by a life insurance policy issued by The Lincoln National Life Insurance Company and sponsored by Baxter and/or Hill-Rom ("the policy"). *A complete policy has been requested and will be tendered to the Court*, once received.

11. The aforementioned policy was provided through Decedent's employment with Baxter and/or Hill-Rom.

12. The aforementioned policy was funded by Defendants Baxter and/or Hill-Rom through the purchase of a group policy of life insurance issued by Defendant Lincoln.

13. On information and belief, the aforementioned policy is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

14. At the time of Benjamin Hartwell's death, the aforementioned policy provided Basic Life Benefits, in the amount of $280,000.00 and Voluntary Life Benefits, in the amount of $716,000.00, for a total life benefit of $996,000.00.

15. At all times mentioned herein, Decedent was an insured within the meaning of the policy of insurance issued by Lincoln.

16. Decedent's beneficiaries, including, but not limited to, the Plaintiff, are entitled to recover compensation from The Lincoln National Life Insurance Company, under the Basic Life and Voluntary Life coverage provisions of the policy, and brings these claims accordingly, pursuant to 29 USC § 1132(a)(1)(B).

17. The Plaintiff has made a claim with The Lincoln National Life Insurance Company in accordance with the policy terms.

18. The Plaintiff's claim with The Lincoln National Life Insurance Company for Basic Life and Voluntary Life benefits has not been properly processed and/or ignored and/or denied.

19. By ignoring the Plaintiff's claims for Basic Life and Voluntary Life benefits under the policy, The Lincoln National Life Insurance Company has breached the policy with the Plaintiff.

20. As a result of said denial of the policy benefits by The Lincoln National Life Insurance Company, the Plaintiff has been damaged.

21. As a proximate result of the denial of benefits by The Lincoln National Life Insurance Company, the Plaintiff has incurred, and/or will incur interest on her damages, including pre-judgment interest.

22. The Plaintiff now seeks contractual compensation/benefits from Defendants Lincoln, Baxter and/or Hill-Rom, for the damages arising out of the wrongful denial of Plaintiff's claim, pursuant to pursuant to 29 USC § 1132(a)(1)(B).

WHEREFORE, the Plaintiff, Judy Hartwell, Individually and as Personal Representative of the Estate of Benjamin Hartwell, Deceased prays for judgment against the Defendants, Baxter

International, Inc., Hill-Rom Company, Inc., and The Lincoln National Life Insurance Company, in the amount of $996,000.00, plus the costs of this action, consequential damages, attorney's fees, and all other relief the Court may deem just and proper.

## COUNT II
### Request for Relief, pursuant to ERISA § 502(a)(3)

23. The Plaintiff incorporates paragraphs one (1) through twenty (20), into Count I of this Complaint, as if fully stated herein.

24. Defendants Baxter and Hill-Rom were sponsors of the aforementioned policy and may have been acting as agents and/or representatives of Defendant Lincoln in their communications with Plaintiff.

25. On or about September 7, 2021, Benjamin Hartwell took a leave of absence, due to a medical diagnosis, which left him terminally ill.

26. Benjamin Hartwell was hospitalized, from September 8, 2021, through his death on April 27, 2022.

27. Defendants Lincoln, Baxter, and Hill-Rom were aware of Benjamin Hartwell's grave medical condition.

28. Benjamin Hartwell and his representatives were in contact with Defendants regarding the above-mentioned policy.

29. On or about March 1, 2022, Defendants Baxter and/or Hill-Rom provided a severance document to Benjamin Hartwell, wherein continuation of coverage was to be a provision of said severance agreement.

30. Defendants Baxter and Hill-Rom negligently failed to provide continuation of coverage information to Benjamin Hartwell or his representatives.

31. Defendants Baxter and Hill-Rom negligently failed to make the necessary continuation of coverage payments to Defendant Lincoln for the aforementioned policy.

32. Defendant Baxter and Hill-Rom negligently maintained employment records deeming Benjamin Hartwell actively employed, through April 1, 2022.

33. Defendants were aware of Benjamin Hartwell's hospitalization and failed to properly notify his family and representatives of the documentation required for continuation/conversion of coverage.

34. Defendants knew or should have known the continuation/conversion of coverage documentation was necessary to continue Benjamin Hartwell's coverage.

35. When the claim forming the basis of this litigation was opened, on April 28, 2022, Benjamin Hartwell's employment status was listed as "Active."

36. In documentation generated on April 28, 2022, Benjamin Hartwell's Basic Employee Life and Voluntary Employee Life Benefit Coverages showed an effective date through April 1, 2022.

37. On or about April 29, 2022, Dillon Hancock, a family member of Benjamin Hartwell, contacted Shane Reif at Hill-Rom/Baxter regarding continuation of coverage.

38. In the April 29, 2022, correspondence, Dillon Hancock advised the continuation of coverage paperwork was not received, and Mr. Hancock requested Baxter/Hill-Rom make the agreed upon continuation premium payment or provided the necessary documentation to Benjamin Hartwell's family.

39. In his April 29, 2022, correspondence, Dillon Hancock noted the April 1, 2022 termination date and the impending 31-day continuation window; however, his concerns were not addressed by Mr. Reif or any other representative of Baxter and/or Hill-Rom.

40. On May 4, 2022, Dillon Hancock contacted Shane Reif again to inquire as to why the premium due notice was not received and to inquire as to whether Baxter/Hill-Rom made the necessary payment for continuation of coverage, which was a stipulation in Benjamin Hartwell's

severance package.

41. On August 29, 2022, undersigned counsel contacted Defendant Lincoln and requested, among other things, copies of any letters or correspondence mailed to Judy Hartwell and Benjamin Hartwell with confirmation of mailing and confirmation of receipt. No such documents were ever provided.

42. On or about March 9, 2022, Benjamin Hartwell was approved for long-term disability through Lincoln and Baxter/Hill-Rom.

43. In their correspondence with Lincoln, Baxter, and/or Hill-Rom, Benjamin Hartwell's family was repeatedly advised Mr. Hartwell's date of termination was April 1, 2022.

44. Defendants actions, as recited above, show fraud, deceit, and intentional misrepresentations, as follows:

    a. Making, issuing, circulating, or causing to be made, issued or circulated any statement misrepresenting the terms of any policy issued or to be issued by making misrepresentations to Benjamin Hartwell and his representatives for the purpose of inducing or tending to induce Benjamin Hartwell and his representatives to lapse, forfeit, or surrender the aforementioned policy when Defendants made materially false statements, including, but not limited to:

        1) Stating Benjamin Hartwell's date of termination was April 1, 2022;

        2) Failing to provide continuation/conversion of coverage documentation to Benjamin Hartwell and his family; and

        3) Failing to respond to Benjamin Hartwell's representative's inquiries as to the status of continuation/conversion of coverage documentation.

    b. Making an unfounded refusal to pay policy proceeds, where they knew or should have known said proceeds were payable under the policy;

    c. Causing an unfounded delay in making payment, where they knew or should have known Defendants failed to provide necessary documentation that was under the exclusive control of Defendants, and

    d. Deceiving Benjamin Hartwell and his representatives by providing a termination date of April 1, 2022.

45. As a direct and proximate result of Defendant's conduct in handling the Plaintiff's

claim, the Plaintiff has been damaged.

46. Defendants' actions in failing to process and/or ignore and/or deny the Plaintiff's claim under the policy was done maliciously and with great disregard for the Plaintiff's rights under the policy.

47. Defendants negligently provided false information material to Plaintiff's claim for benefits under the aforementioned policy.

48. At all relevant times, Benjamin Hartwell and his representatives were in contact with Defendants Baxter and Hill-Rom regarding the aforementioned benefits.

49. At all times relevant herein, Benjamin Hartwell and his representatives relied on information provided by Defendants Baxter and Hill-Rom in filing their claim with Defendant Lincoln.

50. Plaintiff relied on the statements of Defendants Baxter and/or Hill-Rom in filing her claims under the policy, to Plaintiff's detriment.

51. In addition to fraud, deceit, and intentional misrepresentations, Defendants actions, recited above, were violative of their fiduciary duties under ERISA §§ 404, 405, 409, and 511.

52. As a result of Defendants' actions, Plaintiff has been damaged by limiting Plaintiff's ability to recover benefits under the aforementioned policy.

53. Plaintiff hereby seeks recovery under ERISA §§ 502(a)(1)(B) and 502(a)(3), due to the fraud, deceit, mutual mistake, intentional misrepresentations, and violation of fiduciary duties by Defendants.

WHEREFORE, the Plaintiff, Judy Hartwell, Individually and as Personal Representative of the Estate of Benjamin Hartwell, Deceased prays for judgment against the Defendants, Baxter International, Inc., Hill-Rom Company, Inc., and The Lincoln National Life Insurance Company,

in the amount of $996,000.00, plus the costs of this action, consequential damages, attorney's fees, and all other relief the Court may deem just and proper.

Respectfully submitted,

_____
Harvey Lee Lancaster, Jr., # 31750-49
Scott M. Gill, #34602-49
Attorneys for Plaintiff

**LANCASTER GILL, PC**
333 N. Alabama Street
Suite 350 #3056
Indianapolis, IN 46204
(317) 643-6600 Phone
(317) 813-4796 Facsimile
Harvey@LancasterGill.com
Scott@LancasterGill.com

## REQUEST FOR TRIAL BY JURY

COMES now the Plaintiff by counsel and files herein a request for trial by jury for the above action.

Respectfully submitted,

_____
Harvey Lee Lancaster, Jr., # 31750-49
Scott M. Gill, #34602-49
Attorneys for Plaintiff

**LANCASTER GILL, PC**
333 N. Alabama Street
Suite 350 #3056
Indianapolis, IN 46204
(317) 643-6600 Phone
(317) 813-4796 Facsimile
Harvey@LancasterGill.com
Scott@LancasterGill.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed a copy of the foregoing *Motion for Leave to Amend Complaint*, electronically. Service will be made via operation of the Court's ECF system, on all ECF-registered counsel of record, on December 12, 2023.

Emily L. Connor
Ryan J. Sterling
Littler Mendelson, P.C.
111 Monument Circle, Suite 702
Indianapolis, IN 46204
econnor@littler.com
rsterling@littler.com

Sarah B. Fask
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
sfask@littler.com

Byrne J. Decker
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Two Monument Square, Suite 703
Portland, ME 04101
Byrne.decker@ogletree.com

                                               /s/ Harvey Lee Lancaster, Jr.
                                               Harvey Lee Lancaster, Jr., # 31750-49
                                               Scott M. Gill, #34602-49
                                               Attorneys for Plaintiff

**LANCASTER GILL, PC**
333 N. Alabama Street
Suite 350 #3056
Indianapolis, IN 46204
(317) 643-6600 Phone
(317) 813-4796 Facsimile
Harvey@LancasterGill.com
Scott@LancasterGill.com